SO ORDERED: October 27, 2011.



_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RYAN ANDREW ELLIS | ) | CASE NO. 10-16998-AJM-7A |
| | ) | |
| Debtor | ) | |

**ORDER DETERMINING EXTENT OF MEMBERSHIP RIGHTS IN LLC
RETAINED UPON BANKRUPTCY FILING**

This matter came before the Court upon the Objection to Debtor's Exemption of Membership Interest in Professional Labor Support, LLC ("PLS") and the Debtor's response thereto.  The parties were asked to brief the threshold issue of whether the Debtor retained all of his membership interests in PLS when he filed his chapter 7 case. The parties have followed that directive, and, for the reasons stated below, the Court finds that the Debtor held all of his membership interests - both economic and non-economic - when he filed his chapter 7 case and thus those interests became property of the estate.

1

## *Background*

The Debtor filed his chapter 7 case on November 11, 2010 (the "Petition Date') and as of the Petition Date, he held a 23.64% membership interest in PLS, an Illinois limited liability company. On his schedule B (personal property) the Debtor listed his membership interest in PLS and its value was scheduled as "undetermined". On his Schedule C (exemptions), the Debtor claimed a 100% exemption in the membership interest but again valued that interest as "undetermined". Tradesmen International, Inc. ("Tradesmen") objected to the Debtor's claim of exemption of the membership interest, arguing that the Debtor failed to meet his obligation under §522(b) and (l) of the Bankruptcy Code to list the value so as to permit the trustee and creditors to make a meaningful evaluation of the Debtor's claim, citing *Schwab v. Reilly*, 130 S.Ct. 2652, 2663, 177 L.Ed.2d 234 (2010). The Court held a hearing on Trademen's objection on September 22, 2011 wherein it ordered the Debtor to amend Schedule C and schedule a specific value for the membership interest. The Debtor amended both Schedules B and C to reflect that the value of his membership interest in PLS was "0.00".

At the September 22nd hearing, the Debtor also argued that his non-economic membership rights with respect to the management of the LLC in PLS terminated upon the filing of the Debtor's chapter 7 case by operation of the provisions of the Illinois Limited Liability Act, 805 ILCS §180/1-1, et seq. The Debtor acknowledges that his economic distributional rights as a member of the LLC – which he values at "0.00" – did not terminate and therefore became property of the estate.

*Discussion*

As a member of an Illinois limited liability company, the Debtor prepetition possessed a bundle of rights associated with his membership interest in PLS, including the non-economic rights to participate in the management and the conduct of the company's business as well as the economic right to receive distributions attributable to the membership interest. Under the Illinois Limited Liability Act, the filing of a bankruptcy by a member of an LLC "dissociates" the member wherein the member's non economic rights of participating in management or conducting the company's business are terminated. 805 ILCS 180/35-45(7)(A); 805 ILCS 180/35-55(b)(1). However, the member's economic right of distribution is not terminated because, after dissociation, an LLC is obligated to "purchase the distributional interest of a member for its fair market value determined as of the date of the member's dissociation". 805 ILCS 180/35-60(a). As such, the Debtor maintains that he held only his economic / distributional interest in PLS as of the Petition Date, and that its fair market value is zero.

Section 541(a)(1) defines "property of the estate" broadly as "all legal or equitable interests of the debtor in property as of the commencement of the case". Whether a particular interest held by the debtor is "property of the estate" is a question of federal bankruptcy law, but the *nature and extent* of that interest is defined by state law. *Butner v. United States*, 440 U.S. 48, 54,55, 99 S.Ct. 914, 917-18, 59 L.Ed.2d 136 (1979); *In re Jones,* 768 F.2d 923, 927 (7th Cir. 1985). Nonetheless, Section 541(c) makes it clear that "applicable nonbankruptcy law" – which includes state law – may be preempted as Section 541(c) (1) provides:

3

> Except as provided in paragraph (2), of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2) or (a)(5) of this section *notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law* –
>
> (A) that restricts or conditions transfer of such interest by the debtor , or
>
> (B) *that is conditioned on the insolvency or financial condition of the debtor on the commencement of a case under this title,* or the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, *and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.*

(Italics added).  The Illinois Limited Liability Act (applicable nonbankruptcy law) provides that upon the filing of a bankruptcy by a member, that member is "dissociated" and the member's right to participate in management and to conduct the business of the company is terminated.  Thus, "dissociation" from the LLC as a member is conditioned upon the member's commencement of a bankruptcy case and the effect is to terminate the debtor's non economic membership rights.  Such provisions fall squarely under §541(c)(1) , and therefore §541(c)(1) "trumps"  the provisions of the Illinois Limited Liability Act which terminate a member's non economic interest in the LLC upon the filing of the member's bankruptcy.  *In re LaHood,* 437 B.R. 330, 336 (C. D Ill. 2010) (interpreting the same Illinois statute as is implicated here); *In re Ehmann*, 319 B.R. 200, 206 (Bankr. D. Ariz. 2005) (holding that provisions of LLC operating agreement and applicable Arizona law constituted conditions and restrictions upon the debtor/ member's transfer of his interest and therefore those provisions were rendered inapplicable under §541(c)(1), thus "the Trustee has all of the rights and powers ...that the debtor held as of the commencement of the case"); *In Klingerman*, 388 B.R. 677,

4

679 (holding that debtor/member retained his non-economic right to petition for dissolution of the LLC upon filing individual chapter 11 case).

The Debtor urges the court to adopt the holding in *Garrison-Ashburn, L.C.*[1] wherein both the limited liability company, Garrison-Ashburn, L.C. ("Ashburn") and Chapman, a member of Ashburn, filed respective chapter 11 cases. Chapman argued that Ashburn was required, but failed, to obtain his consent to the bankruptcy sale of real estate owned by Ashburn's sister company Garrison-Woods, L.C. ("Woods"). The Court determined that Chapman retained all his membership interests upon the filing of his bankruptcy petition, but that Chapman was to be treated as an assignee of those membership interests under the Virginia Limited Liability Company Act. Like the Illinois statute here, the Virginia Limited Liability Company Act provided that a member who filed a bankruptcy was "dissociated" from the LLC. [2] However, the Virginia statute also provided that a dissociation did not affect the membership rights held by a member, but that the member had the same rights as an assignee of the membership interest [3] and that an assignee of a membership interest was entitled to receive distributions but was not entitled to participate in the management and affairs of the LLC. [4] Thus, the court held that Chapman's full panoply of membership rights - both economic and non-economic - remained intact upon his bankruptcy filing, but that they were tempered by the statutory "duties" that came with them. Thus, the court determined that Chapman

---

[1] *In re Garrison-Ashburn, L.C.*, 253 B.R. 700 (Bankr. E. D. Va. 2000).

[2] VA CODE ANN. §13.1-1040.1(6)(a)

[3] VA. CODE ANN. §13.1-1040.2(A)

[4] VA CODE ANN. §13.1-1039(A)

retained only his distribution rights and was not entitled to participate in the management of Ashburn and therefore, his consent to the sale was not required.  253 B.R. at 708.

*Garrison-Ashburn* has been criticized on the grounds that a statute that relegates a member's interest to those of an assignee is itself "applicable nonbankruptcy law" that in effect modifies or terminates the debtor's membership interest under §541(c)(1)(B). *Klingerman*, 388 B.R. at 678 ("[c]onverting a debtor's membership interest to that of an assignee by operation of statute is a modification or termination of that interest that is rendered ineffective by §541(c)"); see also *Lahood*, 437 B.R. at 336 (distinguishing Garrison-Ashburn on its facts and adopting the reasoning of the cases holding that a debtor/member retains full membership rights upon the filing of a bankruptcy case).

The Court agrees with *LaHood* and *Klingerman* and finds that the Debtor retained all of his membership interest in PLS - both economic and non-economic- upon the filing of his chapter 7 case.  Having determined this threshold issue, the Court will hold a further hearing on Tradesmen's objection to the Debtor's claim of exemptions of his membership interest in PLS and the parties will be notified of the date and time of said hearing in due course.

###

Distribution:
Gary Lynn Hostetler / Bradley J. Buchheit, Attorneys for the Debtor
C. Daniel Motsinger / Greg A. Small / Kay Dee Baird, Attorneys for Tradesmen International, Inc.
Joseph W. Hammes, Chapter 7 Trustee