SO ORDERED: April 30, 2014.



Robyn L. Moberly
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RYAN ANDREW ELLIS ) | CASE NO. 10-16998-RLM-7A |
| ) | |
| Debtor ) | |

**ORDER ON FIRST INTERIM APPLICATION OF TRUSTEE'S GENERAL COUNSEL FOR COMPENSATION OF FEES AND REIMBURSEMENT OF EXPENSES**

The Debtor filed this chapter 7 case on November 11, 2010 (the "Petition Date"). Prior to the Petition Date, the Debtor left the employ of Tradesmen International, Inc. ("Tradesman") and started a competing business known as Professional Labor Support, LLC ("PLS"), an Illinois limited liability corporation. As of the Petition Date, the Debtor owned 30,000 shares of Tradesmen stock and a 23.64% membership interest in PLS.

Joseph Hammes (the "Trustee") is the chapter 7 trustee and this is an asset case. The Trustee moved for and obtained authority to employ his firm (the "Firm") as his general counsel, effective as of the Petition Date. The main asset of the case is the Tradesmen stock which the Trustee sold for $95,000. The Firm filed its first interim application (the "Application") which requests payment of $39,720 in fees and reimbursement of $80.32 in expenses incurred over a three (3) year period from the Petition Date through February 3, 2014. The Debtor contends that most, if not all, of the

1

legal work performed by the Firm was work that the Trustee should have done in fulfillment of his trustee duties under §704 of the Bankruptcy Code.  The Trustee contends that the fees are for attorney work appropriately done by general counsel.  First, the Court will address the Trustee's contention that the Debtor does not have standing to object to the Application.

### *Role of Chapter 7 Trustee*

All of a chapter 7 debtor's legal or equitable interests in property are "property of the estate" under §541 and such non exempt interests are turned over to the chapter 7 trustee under §542.  A chapter 7 trustee has the duty to collect and liquidate the non exempt property of the estate and to administer the estate and estate proceeds under §704.  The chapter 7 trustee represents the interests of the unsecured creditors. *In re Roadrunner Delivery, Inc.,* 2007 WL 4553068 at *3 (Bankr. C. D. Ill, December 19, 2007).  A chapter 7 trustee is the only party in a chapter 7 case that has standing to seek court authority to sell under §363, seek abandonment of property under §554 (although a "party in interest" can ask the court to order the trustee to abandon property) or to settle claims against or on behalf of the estate under Fed. R. Bankr. P. 9019.  The chapter 7 debtor must truthfully disclose assets and liabilities and must cooperate with the trustee, but a chapter 7 debtor has little authority over the administration of the bankruptcy estate or the liquidation of property of the estate.

### *Standing of a Chapter 7 Debtor*

Bankruptcy standing is narrower than Article III standing.  *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607 (7th Cir. 1998); *In re Ray*, 597 F.3d 871, 874 (7th Cir. 2010); *In re Adams*, 424 B.R. 434, 435 (Bankr. N. D. Ill. 2010).  Given the chapter 7 trustee's authority over estate administration, a chapter 7 debtor has limited standing in objecting to bankruptcy court orders involving such matters.  Orders on the sale of assets, compromising claims, abandoning property and objecting to claims all involve estate administration.  The chapter 7 debtor must have a "pecuniary" interest in the order to be entered by the bankruptcy court to have standing to object to it.  *Cult Awareness Network*, 151 F.3d at 608 ("The pecuniary interest rule is certainly the rule of this Circuit").  A chapter 7 debtor  has a "pecuniary interest" sufficient to grant it standing to object to a bankruptcy order if (1) in the case of estate administration matters, the

2

bankruptcy estate is solvent, with a surplus to be paid to the debtor; or (2) in the case of claims allowance, the objectionable claim is for a nondischargeable debt.

### *Solvent Estate*

Most chapter 7 debtors' liabilities exceed their assets and rarely are there assets sufficient to pay creditors' claims in full. Chapter 7 debtors receive distribution from the estate only after all allowed claims are paid in full. A chapter 7 debtor, then, rarely has a "pecuniary interest" in the administration of the estate. Only where there is a solvent estate and a chance that there will be a surplus paid to the debtor will a chapter 7 debtor have the "pecuniary" interest sufficient to acquire standing to object to a bankruptcy order. *Cult Awareness Network*, 151 F.3d at 608 (debtor lacked standing to object to sale because there was no "reasonable possibility of a surplus of assets"); *Adams*, 424 B.R. at 435-436 (debtor lacked standing to object to sale because their liabilities greatly exceeded their assets). See also, *In re Moore*, 450 B.R. 849, 852 (Bankr. N. D. Ind. 2011) (chapter 7 debtor has standing to object to relief from stay motion "only in relatively limited circumstances" and "has no standing whatsoever to object to abandonment"); *In re Matthews*, 2014 WL 1277874 at * 3 (Bankr. N. D. Ga., March 11, 2014) (acknowledging that some courts hold that a chapter 7 debtor has no standing to a trustee's administration of the estate except in the case of a surplus, but declining to decide whether the debtor had standing to object to trustee's motion to compromise and settle because settlement could be approved over debtor's objection). The Seventh Circuit and at least one Indiana bankruptcy court have further refined the "pecuniary interest" test to hold that the proposed relief objected to by the debtor must "directly" and "adversely" affect that pecuniary interest for the debtor to have standing to object to such relief. *Adams*, 424 B. R. at 435; *Depoister v. Mary M. Holloway Foundation,* 36 F.3d 582, 585 (7th Cir. 1994); *In re Drost*, 228 B.R. 208, 209-210 (Bankr. N. D. Ind. 1998) (holding that, although the debtor may have a pecuniary interest in the outcome of the bankruptcy, that interest was not *adversely* affected by the abandonment of property).

These cases that deny standing to a chapter 7 debtor under the solvent estate test involve matters of estate administration. It only makes sense that a chapter 7 debtor in an insolvent chapter 7 case should not be allowed to hold up a sale, the

3

abandonment of property or a settlement proposed by a chapter 7 trustee, especially where there is no other objection and only chapter 7 trustees are the parties authorized to do those things on behalf of the estate under the code.  The Firm's Application here, however, is not a matter of estate administration but rather an accounting of the fees incurred by the estate for legal services provided to the chapter 7 trustee and a request to pay them.  Nonetheless, the Court finds that an objector to a trustee's fee application still should have some "personal stake in the outcome".  *In re Messina*, 2010 WL 3397043 at *5-6 (N.D. Ill., August 20, 2010) (finding that the chapter 7 debtor of a "hopelessly insolvent estate" does not have standing to object to the trustee's fees). The estate solvency test is appropriately applied.

The Trustee's interim report here shows that total funds on hand in the estate amount to about $117,000.  The claims bar date has run and all claims filed are general unsecured claims.   None of the claims filed are secured or priority claims or nondischargeable tax claims.  After taking into account amended and withdrawn claims, the filed claims roughly amount to $106,000, leaving about a $11,000 surplus *before* calculation and payment of higher priority §503(b) administrative claims of the Trustee, the Firm, future administrative and bank fees, and taxes incurred by the estate.  Bank fees continue to accrue on the account at approximately $200 a month.  The taxes incurred by this estate are unknown at this point.  A *rough* calculation of the Trustee's full statutory fee under §326(a) based on the $117,000 currently on hand alone amounts to about $8800.  The Firm's general counsel fee request here is roughly $39,000 and the Debtor conceded in the hearing that this Court would have to deny all of the fees requested – something this Court is not likely to do -- in order for there to be a likelihood of a surplus.  Even after all administrative claims are paid in full, unsecured creditors with allowed claims are entitled to be paid interest on their claims under §726(a)(5) before the Debtor receives a penny.  The Court finds that there will not be surplus funds to pay to the Debtor and therefore, *under the solvent estate test*, the Debtor does not have standing to object to the Firm's Application.

### Claim for Nondischargeable Debt

Dischargeable debts that are not paid in full from estate assets are discharged, giving the debtor a financial "fresh start".  In cases where the claim is for a

nondischargeable debt, it is irrelevant whether the estate is solvent and whether there are surplus funds to pay the debtor because the allowance of a nondischargeable claim that survives the bankruptcy has a direct and adverse effect upon the debtor after discharge.  A chapter 7 debtor has a "pecuniary interest" in objecting to a claim for a nondischargeable debt because it affects the amount to be paid by the debtor after discharge.  *In re Zendell*, 2012 WL 1565305 at *2 (Bankr. W. D. Mo., May 2, 2012) (debtor had standing to object to overstated nondischargeable tax claim).

At least one circuit court has extended this theory to the situation here and has held that a chapter 7 debtor with a nondischargeable debt has *standing to object to the trustee's fee application* because it may result in more money being freed up to pay a greater distribution on the nondischargeable claim.  See, *In re McGuirl*, 86 F.3d 1232, 1235 (D.C.Cir. 1996). [1]  The *Adams* court was particularly critical of this approach, noting that (1) the debtor's pecuniary interest is not "directly" affected enough to confer standing and (2) "granting standing to every debtor who happens to be subject to some nondischargeable claim would interfere with the administration of chapter 7 cases" . A*dams*, 424 B.R. at 436-437 [2].  However, *Adams* involved a chapter 7 debtor's objection to a trustee's motion to sell assets, definitely a matter of estate administration, and not a debtor's objection to the trustee's fees.

Section 330(a)(2) provides that the Court may award compensation in an amount less than requested upon its own motion or the motion of the United States Trustee, the case trustee or any other "party in interest".  "Party in interest" is not defined in §101, the general definition section of the Code.  The closest it comes to being defined is in §1109 which provides that "a party in interest, *including a debtor*…may raise and may

---

[1] In *McGuirl*, chapter 7 debtors objected to the trustee's fee application.  Both the bankruptcy court and the district court found that the debtors did not have standing to object because even the debtors conceded that both their bankruptcy estate and they were "hopelessly insolvent".  However, all of the debtors' debts were nondischargeable.  The D.C. Court of Appeals, reversed, finding that the debtors' "pecuniary interest" in challenging the fee application was not remote and thus, finding that they had standing to object to the trustee's application as any reduction in the trustee's fee would be a dollar for dollar reduction in the debtor's post discharge liability.  86 F.3d at 1235-1236.

[2] The *Adams* court was concerned with a bankruptcy court's ability to process cases expeditiously and how that objective is achieved "primarily by narrowly defining who has standing in a bankruptcy proceeding".  424 B.R. at 437 (citatiions omitted).  However, the Court was also disgruntled with the debtors' behavior in the case.  They had objected to the trustee's motion to sell their interests in an LLC and were successful in continuing hearing on that motion – under the guise of attempting settlement – for nine months.  No settlement was reached and the debtors neither offered to pay more nor found a buyer that offered to pay more.

5

appear and be heard on any issue in a case under this chapter". Section 1109 applies to chapter 11 cases and there is no §1109 counterpart in chapter 7. See, *In re Myers,* 168 B.R. 856, 861 (Bankr. D. Md. 1994). This is so because the chapter 11 debtor in possession's duties *involving estate administration* are performed by the chapter 7 trustee. *But the Firm's Application here does not involve estate administration*. The Debtor has a nondischargeable student loan and that creditor has filed a timely proof of claim. That creditor will receive a distribution in this case. (Even if that creditor's claim had been untimely filed, it would still receive distribution before the Debtor and after full payment of timely claims under §726(a)(3)). The Debtor's post discharge liability is affected by the amount of distribution the student loan creditor receives and the amount of distribution the student loan creditor receives is dependent upon the amount of higher priority administrative claims (the Firm's fees) that are allowed. The Debtor has a personal stake in the outcome in this matter. The Court finds that the Debtor has standing to object to the Firm's Application because of the nondischargeable debt.

The Court's decision is a very narrow one and holds merely that a chapter 7 debtor with a nondischargeable debt has standing to object to a chapter 7 trustee's attorney fees.

### *Propriety of Fees Requested*

The Court has an independent duty to evaluate the fee applications of professionals even if no objections have been filed. *In re Minich,* 386 B.R. 723, 727 (Bankr. C. D. Ill. 2008). Section 330 allows the Court to award "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses". Courts use the "lodestar" approach by determining the reasonable hourly rate and multiplying that by the hours reasonably spent to determine whether a fee is reasonable. *Boyd v. Engman*, 404 B.R. 467, 477 (W.D. Mich. 2009); *In re Hunt's Health Care, Inc.*,161 B.R. 971, 976 (Bankr. N. D. Ind. 1993). The Court considers the skill and experience of the professional, the prevailing market rate for like services, the total time expended and the results obtained. *Boyd*, 404 B.R at 477. Counsel for a chapter 7 trustee should not seek compensation for those tasks that are purely the duty of the trustee, but the Code likewise recognizes that a trustee's attorney

6

must reasonably be kept informed about all aspects of the case for which it should be compensated. *Id.* at 484-485.

Resolution of the debtor's standing issue has little substantive impact upon the Court's ruling on the trustee's counsel's fee application. That being said, the Court has reviewed the Firm's time records in detail and finds that there are time entries for general counsel which are more appropriately the trustee's duty to perform, such as drafting the turnover demand to the Internal Revenue Service, and drafting of the Trustee's applications to employ professionals and the various time entries associated with the review, receipt, and revision thereof. The debtor complains that the motion to sell is a trustee duty and the court would agree that frequently a sale is of such simplicity that the trustee is well capable of this responsibility. However, the sale of the debtor's stock in this case after protracted litigation (which did not directly involve trustee or his counsel) was sufficiently sophisticated as to necessitate the services of counsel in this matter. The court would note, however, there are no entries for junior associates whose billing rates are less than Mr. Hammes' and no entries for paraprofessionals who could have performed the tasks with equal skill but at a much lower rate. There is an obligation to delegate appropriate tasks to persons whose hourly rates are less than that of an attorney with the skills of Mr. Hammes. The numerous entries where counsel is merely opening docket entries and doing a very cursory review (such as review of the debtor's counsel's withdrawal and the court's order thereon, for example) do not justify the level of expertise of an attorney. Additionally, the time allocated for each such task is one-tenth of an hour, which is the usual and customary minimum time increment at which attorneys bill. However, when these entries become as numerous as in this case, it is anticipated that counsel will 'no charge' a significant number of these entries, since they provided no direct benefit to the estate. The preparation of counsel's fee application exceeded eight (8) hours and certainly could have been performed by an attorney at a lower hourly rate and, arguably, should have taken considerably less time.

The Court has considered the nature, the extent and the value of counsel's services taking into account the time spent, the rates charged, whether the services were necessary to the administration of the estate, whether the services were beneficial

7

to the estate, whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem or task addressed and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

The notice and opportunity to object to the Application, provided to all interested parties, was proper and sufficient in all regards and no further notice is required.

The Application is granted, with modifications, and the Trustee is authorized to pay Tucker Hester Baker & Krebs, LLC, Interim General Counsel fees in the amount of $34,620 and reimbursement of expenses in the amount of $80.32 and the Trustee is authorized and ordered to pay such amounts, as chapter 7 administrative expenses upon entry of this order.

**# # #**

Distribution:
Joseph W. Hammes, Chapter 7 Trustee
Kenneth J. Vanko, Attorney for the Debtor